**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANNETTE APODACA JONES, individually
and on behalf of all similarly situated
individuals, and FRANK RUIZ, individually
and on behalf of all similarly situated
individuals,

            Plaintiffs,

v.                                           No. CIV 05-929 BB/ACT

JUAN HERNANDEZ, individually and in his
official capacity, BRIAN D. HAINES,
individually and in his official capacity,
ARTURO RODRIGUEZ, individually and in
his official capacity, VICKI LUSK,
individually and in her official capacity, and
THE BOARD OF COUNTY
COMMISSIONERS FOR DONA ANA
COUNTY,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court pursuant to a motion to dismiss filed by Defendant Juan Hernandez (Doc. 12). Having considered the submissions of the parties and the applicable law, the Court will grant the motion in part and deny it in part.

This case arises out of events occurring while Plaintiffs were employed with the Sheriff's Department of Dona Ana County. Plaintiffs allege that a number of actions taken by Defendant Hernandez, who was formerly the Sheriff, violated their constitutional rights and constituted breaches of contract as well as state-law torts. Plaintiffs filed suit in state court, and Defendants

removed the case to this Court due to the presence of federal causes of action in the case. Defendant Hernandez has now moved to dismiss the complaint as it pertains to him, on the merits as well as on the basis of qualified immunity.

**Standard**:  In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. " *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

**Procedural Due Process Claim:**  Plaintiffs are raising claims arising out of the following employment-related actions:  (1) promotion of another person rather than Plaintiff Jones to a supervisor position, in 2001; (2) selection of another individual rather than Plaintiff Ruiz, for the position of Sheriff, in early 2005; (3) removal of Plaintiff Ruiz from his position as Undersheriff, in early 2005; and (4) selection of another individual rather than Plaintiff Jones, for the position of Executive Secretary, in early 2005.  Defendant Hernandez argues (among other things) that neither Plaintiff had a protected property interest in the positions they were not promoted to, or were removed from, and therefore their due process claims must fail. *See Meyer v. City of Joplin*, 281 F.3d 759, 761 (10th Cir. 2002) (for a plaintiff to state an actionable claim for violation of due process, he must establish that he has a property interest in the promotion); *Garcia v. City of Albuquerque*, 232 F.3d 760, 769 (10th Cir. 2000) (terminated employee must show he possessed a

property interest in his position, giving rise to due process protection). The Court agrees that, as a matter of law, Plaintiff Ruiz did not have a protected property interest in either the Sheriff position or the Undersheriff position, and Plaintiff Jones did not have a protected property interest in the Executive Secretary position. In addition, the Court agrees that under the facts alleged by Plaintiff Jones, she did not have a protected property interest in the promotion to supervisor in 2001.

In order to have a constitutionally protected property interest in a promotion, an employee must establish that he or she had more than a unilateral expectation of receiving the promotion; instead, there must have been a mutually explicit understanding, binding on the employer, that the promotion would be granted once certain conditions had been met. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 872-73 (9th Cir. 1998) (police officers did not have property interest in expected promotions); *Moore v. Muncie Police and Fire Merit Com'n*, 312 F.3d 322, 326-27 (7th Cir. 2002); *cf. Burrell v. Oklahoma Dep't of Transp.*, 1994 WL 318685 (10th Cir. unpublished) (supervisor had discretion to use different method to fill vacancy, so plaintiff had no property interest in promotion). The binding, mutually explicit understanding regarding the promotion must be based on state law or contract. *Nunez*. In this case, there is no state law or contract that could form the basis of a binding obligation to promote Plaintiff Ruiz to Sheriff or to promote Plaintiff Jones to Executive Secretary. In fact, state law specifically excepts the executive secretary position from a county's merit system ordinance, and state law places no restrictions on the county commissioners' appointment of a sheriff following the resignation of the previous sheriff. *See* NMSA § 4-41-5, 10-3-3. For this reason, neither Plaintiff had a property interest in the promotion they sought.[1]

---

[1] The Court recognizes that the positions of Sheriff and Executive Secretary might not technically qualify as promotions from the previous positions held by Plaintiffs Ruiz and Jones. However, the due process analysis is the same whether it is being applied to a promotion or to any other prospective position sought by an employee or a prospective employee. *See, e.g., Moore*, 312 F.3d at 326 (discussing prospective employment and prospective promotion interchangeably).

The result is the same as to the position from which Plaintiff Ruiz was removed, as Undersheriff of Dona Ana County. By statute, the position of undersheriff is an exempt position not covered by a county's merit system ordinance. NMSA § 4-41-5. Thus, Plaintiff Ruiz served in his position on an at-will basis. An exempt or at-will position, however, does not give rise to a protected property interest, and the termination of an at-will government employee therefore does not give rise to a due process claim. *See Morgan v. McCotter*, 365 F.3d 882, 888 n. 3 (10th Cir. 2004) (exempt employee had no protected property interest in his position); *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1221-22 (10th Cir. 2000) (no property interest where professor was employed on at-will basis). The termination of Plaintiff Ruiz from his exempt position as Undersheriff cannot support a procedural due process claim.

The final employment position at issue in this case is the promotion Plaintiff Jones sought in 2001, to the position of Records Supervisor. At this point it appears this position was subject to the merit system ordinance, unlike the positions discussed above. However, that fact alone does not confer the status of a protected property interest on the position, since it was a prospective promotion rather than a position already held by Plaintiff Jones. As discussed above, an employee has a protected property interest in a promotion only if there is a binding mutual understanding that the employee will receive the promotion if certain conditions are met. *See Nunez, Moore*, and *Burrell*, *supra*. According to the allegations in Plaintiffs' complaint, no such binding understanding existed in this case. The complaint contains a detailed description of the merit system ordinance, which shows that the ordinance does not place strict limits on the promoting authority's discretion. Instead, a process is followed under which the candidates for a position are interviewed and tested, and then ranked by the interview panel. [Doc. 1, Exh. A, p. 4] After that process, the rankings are submitted

to the hiring official, with a recommendation that a particular individual be selected for promotion. [*Id.*] Therefore, the merit system ordinance does not mandate that an employee meeting certain specific, non-subjective requirements be promoted, but leaves much of the promotion decision to the hiring official's discretion and to the analysis of subjective factors. Under those circumstances, a binding mutual understanding that the promotion will occur does not exist, and the candidate for promotion does not have a protected property interest in the prospective promotion. *See, e.g., Meyer v. City of Joplin*, 281 F.3d 759, 762 (8th Cir. 2002) (when employer may consider both subjective and objective factors in making promotion decisions, applicant's expectation of promotion fails to rise to level of a protected property interest); *Nunez, supra,* 147 F.3d at 873 (until someone actually receives a promotion, or at least a binding assurance of a forthcoming promotion, he cannot claim a property interest in the promotion).[2]

Based on the foregoing discussion, Plaintiffs' procedural due process claims against Defendant Hernandez will be dismissed.

**Subjective Due Process:** Plaintiffs' response brief raised the issue of substantive due process. In reply, Defendant Hernandez points out that a claim of substantive due process was not made in the complaint. In any event, such a claim is without merit, because as discussed above

---

[2]Plaintiff Jones argues that she had a constitutionally protected right, under the merit system ordinance, to "fair and equal consideration for promotion" into the position. In other words, she argues that Defendant Hernandez' alleged favoritism and violations of the merit system ordinance contravened her right to due process. However, unless an employee has a protected property interest in a certain position, she has no constitutional right to a fair process when that position is filled. *See, e.g., Nunez*, 147 F.3d at 873 n. 8 (employees do not have a property interest in the procedures applicable to promotions; such procedures give rise to a property interest only when they impose significant limitations on the discretion of the decisionmaker). As pointed out above, since the merit system ordinance leaves much discretion to the hiring authority making the promotion decision, the ordinance does not create a property interest protected by due process.

neither Plaintiff had a protected property interest in any of the promotions or positions they were denied, or the position from which Plaintiff Ruiz was removed. *See Brenna v. Southern Colo. State College*, 589 F.2d 475, 476 (10th Cir.1978) ("In order to present a claim of denial of 'substantive' due process by a discharge for arbitrary or capricious reasons, a liberty or property interest must be present to which the protection of due process can attach."); *see also Clinger v. New Mexico Highlands University Bd. of Regents*, 215 F.3d 1162, 1167 (10th Cir. 2000) (reiterating *Brenna* holding).

**Breach of Contract:** Plaintiffs' position with respect to this claim is that the merit system ordinance gave rise to an implied contract of employment, which Defendant Hernandez breached. However, the positions of sheriff, undersheriff, and executive secretary are all exempt from the merit system ordinance, under state law. NMSA §§ 4-41-5, 4-41-6. Therefore, no breach of contract claim can be based on Defendant Hernandez' alleged actions regarding those positions. *See Silva v. Town of Springer*, 912 P.2d 304, 307-09 (N.M. App. 1996) (breach of contract claim is not viable if position is exempted from merit system ordinance).

At this point it appears the merit system ordinance did cover the records supervisor position sought by Plaintiff Jones in 2001. As to that position, Defendant Hernandez raises only one argument--that the statute of limitations has run on the claim. In response, Plaintiff Jones argues that the discovery rule applies to her claim, and she did not learn of Defendant Hernandez' conduct violating the merit system ordinance until Hernandez resigned as Sheriff. Furthermore, Plaintiff Jones argues that Defendant Hernandez committed fraudulent concealment, which can toll the statute of limitations. In the reply brief, Defendant Hernandez argues essentially that Plaintiff Jones did not adequately plead facts establishing fraudulent concealment, or her own diligence in attempting to discern the true facts. This is not an argument that can be resolved at the motion-to-dismiss stage.

Contrary to Defendant Hernandez' assertions, Plaintiff Jones was under no obligation to plead facts that would respond to an affirmative defense that had not yet been raised when she filed her complaint. *See United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("Complaints need not anticipate or attempt to defuse potential defenses."). Since the pleading argument is the only one raised by Defendant Hernandez at this time, the motion to dismiss Plaintiff Jones' claim of breach of contract, insofar as it concerns the 2001 promotion, will be denied.[3]

**New Mexico Tort Claims Act:**  Defendant Hernandez moved to dismiss Plaintiffs' Tort Claims Act ("TCA") claims on the ground that Plaintiffs did not identify any rights, privileges, or immunities violated by Defendant Hernandez. *See* NMSA 41-4-12. In response, Plaintiff identified the following arguments: as to Plaintiff Jones, Defendant Hernandez violated her "constitutional and contractual rights with regard to the 2001 promotion;" as to Plaintiff Ruiz, Defendant Hernandez violated his First Amendment Rights.

The TCA claim of Plaintiff Jones must fail because, as the Court has held above, she does not have a viable constitutional claim arising out of the 2001 promotion. In addition, her contractual claim cannot be converted into a TCA claim simply by saying that her contractual rights were violated; a contractual right cannot be the type of right arising under state law for which immunity is waived under § 41-4-12. Otherwise, a contract claim involving a law enforcement officer could always be converted into a tort claim. Plaintiff Jones' TCA claim against Defendant Hernandez, therefore, will be dismissed.

Plaintiff Ruiz' TCA claim, on the other hand, will not be dismissed at this time. Plaintiff Ruiz has amended his complaint to add a First Amendment claim against Defendant Hernandez. [Doc. 34]

---

[3]The Court's decision only addresses the single argument made by Defendant Hernandez: that Plaintiff's complaint did not adequately plead facts supporting tolling of the statute of limitations under either the discovery rule or the fraudulent-concealment rule.

7

This alleged violation of the First Amendment can constitute a deprivation of a right or privilege secured by the constitution of the United States, and can therefore be the basis of a TCA claim under § 41-4-12. *See Wells v. County of Valencia*, 644 P.2d 517, 520-21 (N.M. 1982) (plaintiff can bring suit under § 1983 and under TCA for violation of federal constitutional right).

**Prima Facie Tort:**  The Complaint contains a cause of action for prima facie tort, on behalf of Plaintiff Ruiz only.  Defendant Hernandez addressed this claim in his motion, arguing that immunity has not been waived under the TCA for a claim of prima facie tort.  Plaintiffs' response contains no discussion of prima facie tort, and it therefore appears Plaintiff Ruiz has abandoned this claim, at least as it pertains to Defendant Hernandez.  Furthermore, the Court agrees that the TCA does not waive immunity for a prima facie tort.  *See Derringer v. State*, 68 P.3d 961, 965 (N.M. App. 2003).

**Conclusion:**  Based on the foregoing discussion, the motion to dismiss filed by Defendant Hernandez will be granted, with the following exceptions:  (1) the breach of contract claim asserted by Plaintiff Jones, arising out of the 2001 promotion, will be allowed to proceed; and (2) the TCA claim asserted by Plaintiff Ruiz, arising out of the claimed violation of his First Amendment rights as alleged in the amendment to the complaint, will also be allowed to proceed (as will the § 1983 First Amendment claim raised in that amendment and not addressed in the motion to dismiss).  All other claims against Defendant Hernandez will be dismissed.

### ORDER

A Memorandum Opinion having been filed on this date, it is hereby ORDERED that the motion to dismiss filed by Defendant Hernandez (Doc. 12) be, and hereby is, GRANTED in part and DENIED in part.

Dated this 8th day of February, 2006.

*signature*
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiffs**
James P. Lyle

**For Defendants**
Daniel J. Macke