# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANNETTE APODACA JONES, individually and on behalf of all similarly situated individuals,

        Plaintiff,

v.                                No. CIV 05-929 BB/ACT

JUAN HERNANDEZ, individually and in his official capacity, BRIAN D. HAINES, individually and in his official capacity, ARTURO RODRIGUEZ, individually and in his official capacity, VICKI LUSK, individually and in her official capacity, and THE BOARD OF COUNTY COMMISSIONERS FOR DONA ANA COUNTY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court pursuant to Plaintiff's motion for class certification (Doc. 126). Having considered the submissions of the parties and the applicable law, the Court will deny the motion and refrain from certifying a class in this case.

        Plaintiff has asked for certification of the following class of individuals: all persons who applied for any position or promotion with the Dona Ana County Sheriff's Department from January 1999 through the present, and who were not hired or granted a promotion after they completed all the interviews and tests given to candidates who were deemed qualified for the position. Plaintiff contends there was a systematic practice of favoring certain candidates over others, and that the favored candidates were often given interview or test questions in advance, and told what answers

would be considered the best answers. In addition, Plaintiff claims Defendant Hernandez tampered with the hiring and promotion process in other ways, such as asking the personnel department to "round off" scores in an effort to make it appear that his favored candidate had tied for the highest score. According to Plaintiff, the members of the proposed class were all harmed by this favoritism, which violated the personnel policies of the Sheriff's Department.

A class of litigants cannot be certified unless the plaintiff has met her burden of satisfying the requirements of Rule 23, FRCP. *Monreal v. Potter*, 367 F.3d 1224, 1235-36 (10th Cir. 2004). One of the most important requirements is that the common issues of fact or law presented by the case must predominate over the individual issues that are unique to each putative class member's claim. *Id.* That is not the case with the class Plaintiff has proposed. First, while Plaintiff claims over 150 hiring or promotion decisions have been made at the Sheriff's Department during the time period in question, Plaintiff has presented no evidence tending to show that all 150 of these decisions, or even most of them, were affected by Defendant Hernandez' favoritism, or by favoritism exhibited by any other Defendant in this case. In fact, it is highly unlikely that Defendant Hernandez had a favored candidate in most of these decisions. Therefore, each member of the proposed class will have to prove that he or she was injured by an act of favoritism during his or her particular hiring or promotion process. This fact alone means the individual issues of each class member predominate over any common issue of fact or law that might exist. *See, e.g., Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 188 (3d Cir. 2001) (where proof of the fact of injury requires evidence concerning individual members of the putative class, the common questions of fact become subordinate to the individual issues).

Another important reason for rejecting class certification in this case is the fact that the interests of the members of the proposed class are not aligned, and in fact in many cases are

antagonistic toward the interests of other members of the class. This is because, as Plaintiff points out, for each hiring or promotion decision, at least three candidates were usually chosen to go through the entire interviewing and testing process. Therefore, for each of the 150 or more decisions Plaintiff claims occurred, there will be two members of the proposed class (the two who were not hired or promoted) who will have to litigate against each other to prove that one or the other would have received the job or the promotion if not for the favoritism shown by Defendant Hernandez. In other words, only one candidate for each position was actually harmed by the favoritism, and that one is the person who would have scored highest during the process if it had not been for the acts of favoritism (of course it is also possible the candidate hired or promoted legitimately scored the highest). Again, an individualized inquiry will be necessary for each of the 150 or more decisions, to decide not only whether favoritism interfered with the process, but also which member of the class would have been hired or promoted absent that favoritism. The existence of these potential conflicts between putative class members means that the proposed class fails to exhibit either the commonality required by Rule 23(a), or the predominance requirement of Rule 23(b).[1]

The Court also notes that the damages suffered by members of the proposed class who were actually injured by favoritism in the Sheriff's Department will be vastly different. Each class member who would have been hired or promoted will have to prove lost wages specific to his or her case, and will most likely have to overcome a mitigation-of-damages defense with individualized evidence. If this were a proper case for a class action, this problem might be overcome by

---

[1] Many courts hold that conflicts between putative class members violate the requirement of "adequate representation" found in Rule 23(a), rather than discussing the issue as a "predominance" or "commonality" question. *See, e.g., Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc.,* 439 F.3d 165, 173 (2d Cir. 2006). The Court need not decide exactly where the conflicts in this case fit in the Rule 23 analysis; it is enough to point out that potentially severe conflicts between class members make it extremely difficult for a proposed class to satisfy Rule 23.

bifurcating the liability portion of the case from the damages portion. However, as discussed above, individualized evidence will be key in the liability phase of the trial, not just the damages phase. In sum, this is a case that is more expeditiously and fairly handled through individual lawsuits than a class action, as each member of the putative class will have to prove with individualized evidence that favoritism actually occurred during the hiring or promotion process, that the favoritism caused injury, and that the injury justifies an award of a certain monetary amount.

**Conclusion:** Based on the foregoing discussion, Plaintiff's motion for class certification will be denied.

## ORDER

A Memorandum Opinion having been filed on this date, it is hereby ORDERED that Plaintiff's motion for class certification (Doc. 126) be, and hereby is, DENIED.

Dated this 16th day of June, 2008.

_____
BRUCE D. BLACK
United States District Judge